BANK OF ORLEANS *VS.* WINSLOW WHITTEMORE & others.

A promissory note, not designating any place of payment, was made in Boston by a person residing in another state; the holder's agent, knowing the residence of the maker, sent it there for collection, but it was returned, not protested, and arrived in Boston two days after the day of payment, and was presented to an indorser, who declined to pay it; and it was sent again to the maker's residence, presented to him and protested for nonpayment, and notice then given to the indorser. *Held*, that the indorser was discharged.

ACTION OF CONTRACT by an incorporated banking company in Vermont against the firm of W. & F. H. Whittemore & Co. as second indorsers of the following promissory note :

" $1000.   Boston, May 1st 1855.   Twelve months after date I promise to pay the Commercial Mutual Marine Insurance Company or order, for value received, one thousand dollars.

" Wm. P. Moore."

The case was submitted to the superior court of Suffolk, and, on appeal, to this court, upon certain depositions which showed the facts to be as follows :

The note was made in Boston on the day of its date, but the maker's home and place of business then and ever since were at Newbern in the State of North Carolina.   In March 1856, the plaintiffs, through the agency of Ezra C. Hutchins of Boston, who was employed by their president, and by him furnished with money for that purpose, bought the note after it had been indorsed by the payees and by the defendants.   It did not appear that the plaintiffs knew where the maker resided, except that he lived out of the city.   On the 24th of March 1856, the plaintiffs' cashier sent the note to Hutchins, with no instructions or explanation besides these words : " I enclose for collection and deposit in Suffolk Bank ; Wm. P. Moore, due May 1–4." Hutchins then knew the maker's residence and place of business.   On the 24th of April following the cashier sent the note to the Merchants' Bank of Newbern, whose cashier returned it, not protested, to Hutchins, in a letter dated April 30th, saying, " Your letter of the 24th instant with one enclosure as stated is received, and which enclosure I return herein as below.   Note

of Wm. P. Moore, $1000. Exchange is so scarce that I could not remit if paid." The 4th of May was Sunday. Hutchins received this letter and the enclosed note on the 5th of May, and immediately informed the defendants, and asked them to waive demand and pay it; but they declined to do so, and Hutchins on the same day sent the note back to Newbern, where, on the 12th of May, it was presented by a notary public to Moore for payment, which he refused, and the note was duly protested and notice thereof sent to the defendants, who received it on the 17th of May.

*H. C Hutchins,* for the plaintiffs. The holder of this note had a right to expect payment thereof in Boston at maturity. It was within reasonable time to present the note for payment after it was ascertained that it was not to be paid in Boston, and this was done with due diligence. *Freeman* v. *Boynton,* 7 Mass. 483. *Barker* v. *Parker,* 6 Pick. 80. *Haddock* v. *Murray,* 1 N. H. 140. *Bank of North America* v. *M'Knight,* 2 Dall. 158. *Gurly* v. *Gettysburg Bank,* 7 S. & R. 324. *Anderton* v. *Beck,* 16 East, 248. In case of two makers, living at opposite ends of the State, or one in and the other out of the State, a demand must be made upon both to charge the indorser; and when is demand to be made? See *Union Bank* v. *Willis,* 8 Met. 504.

No demand upon the maker was necessary, inasmuch as he lived out of the Commonwealth when the note was given, and never lived here; the note was dated in Boston and payable generally, and the indorser lived here. Story on Notes, §§ 236, 237, 264. Story on Bills, §§ 235, 252, 305, 308, 351, note. *M'Gruder* v. *Bank of Washington,* 9 Wheat. 598, 601, 602. *Anderson* v. *Drake,* 14 Johns. 114. *Louisiana State Ins. Co.* v. *Shamburgh,* 14 Martin, 511. *Wheeler* v. *Field,* 6 Met. 290. If the maker removes out of the State after the making of the note, no demand upon him is necessary, whether the holder knows where he lives or not. *Wheeler* v. *Field,* and *M'Gruder* v. *Bank of Washington,* above cited. *Reid* v. *Morrison,* 2 W. & S. 401. Story on Notes, §§ 236, 264. Bayley on Bills, 198. 3 Kent Com. (6th ed.) 95–97. Why should the holder be compelled to go abroad to find the maker and present

the note, when the maker resided abroad at the date of the note; and yet be excused from making a demand when the maker leaves the State after making the note? It cannot be because there is an implied contract that the residence of the maker shall continue as at the date of the note; for if that were so, the holder would not be compelled (as it is well settled that he is) to follow the maker if he changes his residence to another place within the State after the making of the note. Story on Notes, § 237 & cases cited. The reason why the holder is not compelled to go abroad, to present a note to a maker who has left the State since it was made, is not because of the greater distance or difficulty of finding him than in a new residence within the State, nor because the holder may not by inquiry find out where he is, but because he has gone within another jurisdiction; and for the same reason the same rule must be applied when the maker has always resided abroad. *Hepburn* v. *Toledano*, 10 Martin, 643. *Prior* v. *Gentry*, 11 Georgia, 300. *Gillespie* v. *Hannahan*, 4 McCord, 503. In *Spies* v. *Gilman*, 1 Comst. 321, the court was not unanimous, and that case is not law. *Taylor* v. *Snyder*, 3 Denio, 145, was practically overruled by *Smith* v. *Philbrick*, 10 Gray, 252.

The plaintiffs never had any knowledge of the residence of the maker except that he lived out of Boston. Nor had the plaintiffs' agent, Hutchins, until the note was sent to him for collection; and if he had, it would not affect the plaintiffs, as he was only their agent for the purpose first of buying the note and afterwards of collecting it. The case of *Smith* v. *Philbrick*, 10 Gray, 252, is conclusive in favor of the plaintiffs.

*H. Jewell*, for the defendants. The plaintiffs had no right to expect payment of the note at Boston at maturity; and did not in fact, but had sent it away for presentment at Newbern. The general rule of law, requiring a demand on the maker at maturity, as a condition precedent to charging the indorser, is well settled. *Farnum* v. *Fowle*, 12 Mass. 89. *Johnson* v. *Haight*, 13 Johns. 470. *Jackson* v. *Richards*, 2 Caines, 343. This case is not within the exception of a maker absconding, or who cannot be found and has no residence or place of business where the

note may be presented for payment. Nor is it like the case of a maker who, after making the note, removes into another state or country; and even in that case payment must be demanded at his original residence. *Wheeler* v. *Field*, 6 Met. 290. Demand must be made on the exact day of maturity, unless prevented by the act of God or hostile force. *Patience* v. *Townley*, 2 Smith, 223. In this case a demand was necessary. *Taylor* v. *Snyder*, 3 Denio, 145. *Spies* v. *Gilmore*, 1 Barb. 158, and 1 Comst. 321. *Hopkirk* v. *Page*, 2 Brock. 20. Bayley on Bills, (2d Amer. ed.) 232. Story on Notes, § 265, note. 20 Law Reporter, 336.

This case was decided in February 1860.

METCALF, J. [After stating the facts as above.] On these facts, the question is, whether the defendants are liable as indorsers. If they are, it is not because seasonable demand was made on the promisor and seasonable notice of nonpayment given to them. The note fell due on Saturday, May 3d — the last day of grace being Sunday — and no demand was made on the promisor until nine days afterwards. This delay discharged the defendants from their liability to the plaintiffs unless the fact that the promisor always resided in North Carolina excused the holders from making personal demand on him, or from using due efforts to make such demand. The plaintiffs rely on this fact to sustain their action, and cite the decision in *Smith* v. *Philbrick*, 10 Gray, 252, as conclusive in their favor. That was an action by an indorser against a prior indorser of a note made in Boston by one whose only residence and place of business were in Texas, and on whom no demand was made; and it was decided that no demand on him was necessary to charge the defendant. The court said there was no evidence to show whether the plaintiff, or any of the subsequent holders of the note, knew where the promisor's residence was; that if his residence had been known to the holder, at the maturity of the note, it might perhaps have been incumbent on him to forward it to Texas for presentment, as was held in *Taylor* v. *Snyder*, 3 Denio, 145.

In the case before us, the plaintiffs' agent, whom they employed to purchase and also to collect the note, knew where

Moore's residence was ; and the legal effect of his knowledge of that fact is the same as would have been the effect of their knowledge of it.  Notice to an agent, whilst he is concerned for the principal, is notice to the principal himself.  And we are of opinion, as intimated in *Smith* v. *Philbrick*, that by reason of the plaintiffs' knowledge (through their agent) of the place of Moore's residence, a demand on him there, and seasonable notice of his default, were prerequisites to the defendants' liability as indorsers.  We think this case is within the general and familiar rule which applies to the holders of indorsed notes, and not an exception to that rule.

When a resident in the State, after giving a note, removes from the State and takes up a residence out of the State, it has been repeatedly decided that it is not necessary, in order to charge an indorser of the note, to demand payment of the promisor at his new residence.  This exception to the general rule which requires demand on the promisor, and notice to the indorser, seems to be established.  But we see no sufficient reason for taking the present case out of that rule.  And we hold, that where the maker of a note, when it is made and indorsed, has a known residence out of the State, which residence remains unchanged at the maturity of the note, demand must be made on him, or due diligence used for that purpose, and notice of nonpayment given to the indorser before the indorser can be charged.  So it was decided by the court of appeals in New York, in *Taylor* v. *Snyder*, before referred to, and in *Spies* v. *Gilmore*, 1 Comst. 321.  In this last case, Bronson, J. said : " The only excuse which has been offered for not making demand is, that it would have been inconvenient to go or send to Matamoras for the purpose.  It is often inconvenient to present the note for payment, when the maker and holder both reside in the same state ; and yet, when the maker has a known place of residence, and there has been no change of circumstances after the giving of the note, mere trouble or inconvenience to the holder has never been held a good excuse for omitting demand.  And this is so, however wide asunder the maker and holder may live  If the plaintiff wished to avoid the inconvenience of

sending to Matamoras, he should have made the note payable in New York, or got an indorsement with a waiver of demand He has no right to change the contract which the indorser made, for the purpose of promoting his own convenience."

*Judgment for the defendants.*